**JONES v. MORROW et al.   (4 Div. 103.)**

(Court of Appeals of Alabama.   April 6, 1926.)

**1. Dismissal and nonsuit** ⬅️ **13.**

Plaintiff agreeing to submit defendant's motion for new trial, appearing and unreservedly contesting it on merits, waived claim to discontinuance.

**2. Jury** ⬅️ **28(6)—New trial** ⬅️ **10—Defendant compelled to try case before judge held not estopped to move for new trial for denial of jury trial; defendant held not to have waived right to jury trial by failure to file formal motion to transfer to jury docket.**

Where demand for jury trial was made in time and manner required, and, called to judge's attention before trial, he immediately called on proper custodian to produce it, and on failure to do so ordered defendant to trial without jury, defendant was not estopped to move for new trial on such ground, after subsequent discovery of demand among papers in another case, and did not waive right to jury trial, though he filed no formal motion to transfer case to jury docket.

**3. Jury** ⬅️ **28(5)—Every reasonable presumption will be made against waiver of right to jury trial, and unequivocal acts must be shown to create implied waiver.**

Every reasonable presumption will be made against waiver of constitutional right to trial by jury, and, to create waiver by implication, unequivocal acts must be shown.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Action of trover by V D. Jones against J. L. Morrow and another. From a judgment granting defendants' motion for a new trial, plaintiff appeals. Affirmed.

W. W. Sanders, of Elba, for appellant.

The right of trial by jury may be waived, though previously demanded, and, once waived, cannot thereafter be asserted against, or without consent of, the adversary party. Johnston v. Atwood, 2 Stew. (Ala.) 225; Brock v. L. & N., 26 So. 335, 122 Ala. 173; 35 C. J. 197. With knowledge of the fact that the case was on the nonjury trial docket, when defendant consented or agreed to a continuance of the cause on that docket, the right to jury trial was waived. 35 C. J. 201; Stevens v. McDonald, 53 N. E. 885, 173 Mass. 382, 73 Am. St. Rep. 300. The fact that there were several continuances of the cause at the instance of defendant, or with his sanction, involving loss of opportunity to plaintiff to have a trial at intervening jury terms, defendant knowing that the cause stood for trial on the nonjury docket, and plaintiff having no knowledge of a demand for jury, estops defendant from asserting the right. 21 C. J. 1240; 16 R. C. L. 218. The order granting motion for a new trial is void, because the court had lost control over the judgment. Sou. Ry. v. Blackwell, 100 So. 215, 211 Ala. 216; Ex parte Margart, 93 So. 505, 207 Ala. 604.

Fleming & Yarbrough and M. A. Owen, all of Elba, and M. S. Carmichael, of Montgomery, for appellees.

Appellant, having participated in consideration of the motion for new trial, waived objection to the court's passing on said motion. Ex parte Schoel, 87 So. 801, 205 Ala. 248. The judgment granting new trial should not be disturbed. Malone v. Eastin, 2 Port. (Ala.) 182.

SAMFORD, J. [1] The orders of continuance of the motion were regular, and show no loss of jurisdiction over the motion. Moreover, the plaintiff by agreement to submit the motion at the time, and by appearing and unreservedly contesting it upon its merits, waived any claim to a discontinuance. Ex parte Schoel, 87 So. 801, 205 Ala. 248.

[2] The motion for new trial was granted solely upon the contention of defendant that within the time allowed by law his attorney had filed a demand for a jury trial, and that the court had proceeded to a nonjury trial contrary to his rights and the law. The judge before whom the trial was had, in conjunction with the granting of the motion, makes the following statement of facts:

"As to matters occurring prior to the trial of this cause I have no recollection. It is clear, however, that defendants employed Judge Carnley to represent them and that they, through him, demanded a jury trial. The plaintiff says that defendants waived the demand for jury trial by their subsequent conduct. I do not think so. Shortly after the demand it appears Judge Carnley, defendant attorney, was elected probate judge, and defendants employed Fleming & Yarbrough to continue their defense; that the case was on the nonjury docket, and that the latter attorneys did not know of any demand for jury trial, as none appeared among the papers on file in the case. The case was first continued for settlement, and then by consent, and when last called for trial defendants' attorneys stated to the court that a jury had been demanded and produced a paper purporting to be a copy of the original demand for trial by jury. Thereupon the court ordered the clerk to make thorough search of his office, and the clerk reported after search that no such paper could be found in the office, and the court then stated to defendants' counsel that the case would be tried by the court without a jury. After this the original demand for jury trial was found among the papers in another case, and hence this motion for a new trial. Under these circumstances, I think it is right and proper to grant the motion."

The clerk is ordered to file and enter of record the following order:

"It is ordered and adjudged that the motion for new trial made by defendants in the above-

styled cause be and is granted, and the judgment heretofore rendered for plaintiff in said cause is set aside, and the cause ordered transferred by the clerk from the nonjury docket to the jury docket and set for trial at the next term of the court.

"July 17, 1924. W. L. Parks, Judge."

It is quite clear that upon demand seasonably made, defendant was entitled to his trial by jury. It seems equally certain that such demand was made in the time and in the manner required by law. The fact of the demand was called to the attention of the judge before trial, who immediately called upon the proper custodian to produce the written demand; this not being done, and the paper not being forthcoming, the defendant was ordered to trial before the judge. What could he do? The uselessness of filing a formal motion is shown by the announcement of the court after search for the demand.

We concur with the trial judge in his conclusions of fact and find no error in this order granting the motion.

[3] We find no such speculation by defendant on the judgment of the court as would amount to an estoppel. The duty of transferring this case to the jury docket rested upon the court, without the necessity for a formal motion, and the omission to do this is not chargeable to the defendant. If with full knowledge he had acquiesced in the nonjury trial, there might have arisen a question of estoppel; but here he had no choice but to present his defense before the judge. Nor can it be said that defendant by his acts had waived his right to a jury trial. The trial by jury is a constitutional right, and every reasonable presumption will be made against its waiver, and in order to create a waiver by implication unequivocal acts are necessary to be shown. Hodges v. Easton, 1 S. Ct. 307, 106 U. S. 408, 27 L. Ed. 169; Kearney's Case, 12 Wall. 275, 20 L. Ed. 395. While not a direct authority on the point here involved, the case of Stedham's Heirs v. Stedham's Ex'r, 32 Ala. 525, will indicate the view taken by the courts of this state on the question of waiver of jury trials.

We find no error in the record, and the judgment is affirmed.

Affirmed.