(June 24, 1926.)

B. F. NEAL, Respondent, v. DRAINAGE DISTRICT No. 2 OF THE COUNTY OF ADA IN THE STATE OF IDAHO, Appellant.

[248 Pac. 22.]

JURY TRIAL—REFUSAL OF JURY TRIAL—WAIVER—ARBITRATION—REVO-
CATION OF SUBMISSION—ATTORNEY AND CLIENT—CONTRACT FOR
SERVICES.

1. Under Const., art. 1, sec. 7, and C. S.; secs. 6835, 6837, 6865, refusal of jury trial in action to recover attorney fees under contract with drainage district organized under secs. 4493–4555, providing for such compensation for court work as court should designate, is error.

2. Although parties may agree to arbitration, revocation of submission renders it of no effect, and, when suit is brought

on claims submitted, rights of parties are to be determined by rules applicable to that proceeding.

3. Waiver of jury trial will not be implied in doubtful cases.

4. Work of preparing assessment-roll and other documents, for drainage district and necessary advice, *held* to come within attorney's agreement to draw all documents for stipulated salary, precluding recovery of additional compensation.

5. Under attorney's contract to draw legal documents for drainage district for monthly compensation, attorney is not entitled to extra compensation, which was to be paid for court work, for drawing amended or supplemental rolls to comply with rulings of court.

6. Supplemental assessment-roll for drainage district, under C. S., sec. 4505, provided for by legislation subsequent to attorney's contract to prepare legal documents for stipulated salary, *held* to come within such agreement.

7. Under contract to draw legal documents for drainage district, with additional compensation for court work, court services in securing approval of roll are to be considered in determining reasonable value of services, although approval is not required by statute.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. M. I. Church, Judge.

Action on contract. Judgment for plaintiff. *Reversed* and *remanded*.

Reddoch & Hunter, for Appellant.

The construction placed upon the contract upon which the plaintiff sued by the court, in denying the defendant a jury trial, was in violation of the defendant's constitutional

---

Publisher's Note.

2. Bringing suit as revocation of arbitration agreement, see notes in 138 **Am. St.** 648; 31 **L. R. A., N. S.,** 679; 21 **Ann. Cas.** 956. See, also, 2 **R. C. L.** 370.

3. See 16 **R. C. L.** 217.

See Arbitration and Award, 5 **C. J.**, sec. 121, p. 61, n. 5.

Attorney and Client, 6 **C. J.**, sec. 287, p. 721, n. 77; sec. 315, p. 739, n. 86, 88; p. 740, n. 89.

Juries, 35 **C. J.**, sec. 28, p. 157, n. 19; sec. 111, p. 202, n. 10.

right to such trial, and the statutes of this state.    (Sec. 3, art. 1, Const. of Cal. 1849; sec. 7, art. 1, Const. of Cal. 1879; sec. 7, art. 1, Const. of Idaho; C. S., secs. 6835, 6837, 6865; *Brown v. Greer,* 16 Ariz. 222, 141 Pac. 843; *Smith v. Pollock,* 2 Cal. 92; *Exline v. Smith,* 5 Cal. 112; *Biggs v. Lloyd,* 70 Cal. 447, 11 Pac. 831; *Swasey v. Adair,* 88 Cal. 179, 25 Pac. 1119; *Platt v. Havens,* 119 Cal. 244, 51 Pac. 342; *People v. Metropolitan Surety Co.,* 164 Cal. 174, Ann. Cas. 1914B, 1181, 128 Pac. 324; *Randall v. Kelsey,* 7 Ida. 168, 61 Pac. 515; *Johansen v. Looney,* 30 Ida. 123, 163 Pac. 303; *Shaw v. Kent,* 11 Ind. 80; *Chessman v. Hall,* 31 Mont. 577, 3 Ann. Cas. 1038, 79 Pac. 254, 68 L. R. A. 410; *Moot v. Moot,* 214 N. Y. 204, 108 N. E. 424; *Hockoday v. Lawrence,* 156 N. C. 319, 72 S. E. 387; *Okmulgee Producing etc. Co. v. Wolfe,* 88 Okl. 188, 212 Pac. 415; *In re McCormick,* 72 Or. 608, 143 Pac. 915, 144 Pac. 425; *American Mortgage Co. v. Hutchison,* 19 Or. 334, 24 Pac. 515; *Sale v. Meggett,* 25 S. C. 72; *Albien v. Smith,* 19 S. D. 421, 103 N. W. 655; *Lipscombs Admr. v. Condon,* 56 W. Va. 416, 107 Am. St. 938, 49 S. E. 392, 67 L. R. A. 670.)

That provision of the contract upon which the plaintiff sued, saying: "And should he have to go into court he shall receive whatever compensation the court designates," amounted to nothing more than making the court a referee or arbitrator, and when the same was revoked or breached, by one of the parties, they were then relegated to their legal rights under the contract.    (*Mead v. Owen,* 83 Vt. 132, 74 Atl. 1058; *Scott v. Scott,* 183 Ky. 604, 210 S. W. 175; *Key v. Norrod,* 124 Tenn. 146, 136 S. W. 991; *Paulsen v. Manske,* 126 Ill. 72, 9 Am. St. 337, 18 N. E. 275.)

Martin & Martin and B. F. Neal, for Respondent.

Where parties contract that the amount of fees to be paid an attorney for services shall be fixed or allowed by the court, it means a court and not a court and jury, and such contract will be enforced by the courts.    (*Bank of Enoree v. Yarborough,* 120 S. C. 385, 113 S. E. 313; *Futoransky v.*

*Pope*, 57 Okl. 755, 157 Pac. 905, L. R. A. 1916F, 548; *Connor v. Blodget*, 18 Cal. App. 787, 124 Pac. 733; *Elwell v. Fosdick*, 134 U. S. 500, 10 Sup. Ct. 598, 33 L. ed. 998; *Palmer v. Lavers*, 218 Mass. 286, 105 N. E. 1000; *Kearney v. Case*, 12 Wall. (U. S.) 275, 20 L. ed. 395; *Pittsburgh's Petition*, 243 Pa. 392, 90 Atl. 329, 52 L. R. A., N. S., 262, 264; *Perego v. Dodge*, 163 U. S. 160, 16 Sup. Ct. 971, 41 L. ed. 113; *Lindstrom v. Hope Lumber Co.*, 12 Ida. 714, 88 Pac. 92; *Bamberger v. Terry*, 103 U. S. 40, 26 L. ed. 317; *Wayne County Supr. v. Kennicott*, 103 U. S. 554, 26 L. ed. 486; *Lanahan v. Heaver*, 77 Md. 605, 26 Atl. 866, 20 L. R. A. 759; *Hoste v. Dalton*, 137 Mich. 522, 100 N. W. 750; *In re Ames Farmer Canning Co.*, 190 Iowa, 1259, 179 N. W. 105; *Richardson v. Centerville*, 137 Iowa, 253, 114 N. W. 1071; *Jones v. Stoddart*, 8 Ida. 210, 67 Pac. 650; *Rinker v. Lauer*, 13 Ida. 163, 88 Pac. 1057; *Harshbarger v. Eby*, 28 Ida. 753, Ann. Cas. 1917C, 753, 156 Pac. 619; *Sassaman v. Root*, 37 Ida. 588, 218 Pac. 374; *Hutson v. Rankin*, 36 Ida. 169, 33 A. L. R. 91, 213 Pac. 345; *Porter v. Title Guaranty etc. Co.*, 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111.)

In addition to the provisions of the statute by which parties to litigation may waive a trial by jury, parties may by contract provide for the waiving of a jury by a provision in the contract that certain matters therein shall be determined by the court.   (*Bank of Columbia v. Okely*, 4 Wheat. (U. S.) 235, 4 L. ed. 559; 2 Page on Contracts, 2d ed., 1257, sec. 726; *Berkovitz v. Arbid & Houlberg*, 230 N. Y. 261, 130 N. E. 288; C. S., sec. 6576.)

Where parties to a contract have before any controversy arose in regard thereto, placed a practical construction upon the provisions of such contract, such construction will control and in the interpretation thereof the courts will follow the construction given by the parties.   (4 Page on Contracts, 2d ed., sec. 2510–2513; *Farrell v. Garfield Min. M. & Smelting Co.*, 49 Colo. 159, 111 Pac. 839; *Smith v. Cucamonga Water Co.*, 160 Cal. 611, 117 Pac. 764; *Freet v. American Elec. Supply Co.*, 257 Ill. 248, 100 N. E. 933; *City of New*

*York v. New York City Ry. Co.,* 193 N. Y. 543, 86 N. E. 565; *W. T. Tildon Co. v. Densten Hair Co.,* 216 Mass. 323, 103 N. E. 916.)

The contract made between the parties to this suit was not an agreement to arbitrate, which is a determination out of court, but just the opposite and provided for a determination of their matters by the court, and is within the provisions of C. S., sec. 6576. (1 Bouvier's Law Dictionary, 15th ed., 174; 1 Words and Phrases, 2 ed., 265; Black's Law Dictionary, 85.)

The work done on the assessment-rolls by respondent prior to the filing thereof in court was not covered by his monthly retainer and the parties to this contract so construed it during the course of his employment and before any controversy arose. (3 Words and Phrases, 2d ed., p. 64; *Vaughn v. Junior Order Am. Mechanics,* 136 Mo. App. 362, 117 S. W. 115; 19 C. J. 382, 383.)

TAYLOR, J.—Plaintiff Neal, respondent herein, brought this action for services alleged rendered as attorney for the appellant district. Plaintiff had acted as attorney in the preliminary matters of organizing the district. This action is for services rendered thereafter, including the matter of procedure of preparing, fixing and levying assessments, and other like services. Plaintiff sets forth the agreement, from the minutes of the board, as follows:

"Upon request of the Board, Hon. B. F. Neal submitted: Will draw all legal documents, furnish the Board with advice from February 9th, 1918, until said Board is ready to take rights-of-way for drain for $100 per month, and from that time until the assessment roll is completed and filed a salary of $200 per month; then to revert back to $100 per month. And should he have to go into court he shall receive whatever compensation the court designates. On motion of Coffin, seconded by Sebern, B. F. Neal's proposal was accepted and he was employed as attorney for Drainage District No. 2, Ada County."

Plaintiff filed a bill of particulars from which it appeared that items Nos. 3, 5 and 6 were for services such as preparation of the original assessment-roll, amendments thereto, and additional assessment-rolls, and hearings in relation to approval and confirmation thereof. Items 1, 2, 4 and 7 involved services not directly in connection with the affairs of the district in the proceeding which was therein entitled and pleaded by the plaintiff as, "In the Matter of Drainage District No. 2 of the County of Ada, State of Idaho," but were for such items as appearances and filing briefs and making arguments as *amicus curiae* in other litigation, in some of which the district was not directly a party, and in appeals to the supreme court. The defendant demanded a jury trial upon all the issues. The court denied a jury trial as to the items of particulars 3, 5 and 6, holding that by the agreement pleaded, defendant had waived a right to a jury as to those items, but indicated that as to items 1, 2, 4 and 7, defendant would be entitled to a jury trial, either in this or another action. At the close of the evidence as to items 3, 5 and 6, by stipulation without waiving the right of defendant to insist upon a jury trial as to the whole matter, the remaining items were tried by the court. Judgment was entered for plaintiff, from which this appeal is taken.

Appellant specifies as error the denial and overruling of its demand for a jury trial. The statutes providing for organization and operation of drainage districts (C. S., secs. 4493–4555, inclusive) contemplate legal expense as "incidental expenses and costs of proceedings" (C. S., sec. 4504), and "legal assistance and court costs" (C. S., sec. 4510), to be included in the estimated cost of the proposed work and in the assessments to be made to bear this expense.

In arriving at the meaning and intention of the parties in the use of the language recited as their agreement, we have a right to look to their conduct under it, and to that of the plaintiff. The evidence shows that twice he applied to "the court" in the original proceedings entitled, "In the Matter of Drainage District No. 2 of the County of Ada,

State of Idaho," for allowance of what he terms in his complaint, and recites were allowed as, "progress allowances." In this the plaintiff adopted a procedure not unfamiliar in such drainage proceedings, of applying to the court for its approval of charges ·for legal services which are to be made a part of the total cost of the completion, or later the operation, of the district. The course of conduct of plaintiff plainly supports the view that this agreement amounted to no more than that in those proceedings the parties would submit to the court evidence of the services, and leave the compensation to be determined by the court. This in effect was an agreement to leave the matter to an arbitration by the court in that proceeding.

Plaintiff alleged—

"That on December 5th, 1922, the plaintiff filed application in the cause entitled in the matter of Drainage District No. 2 of the County of Ada, State of Idaho, the cause in which all matters relating to the organization of said District, the hearing and approval of assessment rolls and other matters are pending or have been had, that thereafter defendant District No. 2 appeared in opposition thereto by demurrer and by motion to strike, and such proceedings were had thereon as that the court held that the defendants were entitled to have this cause heard in regular action instead of by way of a proceeding in the matter of said Drainage District, in said cause. above mentioned and for such reason the plaintiff begins this action."

The constitution (art. 1, sec. 7) provides:

"The right of trial by jury shall remain inviolate . . . . A trial by jury may be waived . . . . in civil actions by the consent of the parties signified in such manner as may be prescribed by law."

C. S., sec. 6835 provides:

"An issue of fact arises:

"1.  Upon a material allegation in the complaint controverted by the answer . . . . "

C. S., sec. 6837 provides:

"In actions . . . . for money claimed as due upon contract, or as damages for breach of contract . . . . an issue

of fact must be tried by a jury, unless a jury trial is waived . . . . as provided in this code.''

C. S., sec. 6865 provides:

''Trial by jury may be waived by the several parties to an issue of fact in actions arising on contract, or for the recovery of specific real or personal property, with or without damages and with the assent of the court, in other actions in the manner following:

''1. By failing to appear at the trial.

''2. By written consent, in person or by attorney, filed with the clerk.

''3. By oral consent, in open court, entered in the minutes.''

It must be borne in mind that there was, at the making of this agreement, a proceeding pending (in the matter of the drainage district organization) in which the parties contemplated allowances for services rendered in court. We are not called upon to pass upon the right of a determination of such matters in that proceeding without a jury.

[1] Even considering the agreement as in effect one for arbitration or submission of the question to that court to which, and in that proceeding in which, it reasonably appears the parties contemplated such submission, when the court refused to arbitrate further, if such was the fact, or to designate the compensation of plaintiff for the items or in full for the items for which recovery is sought herein, or if the plaintiff was prevented from having such designation of compensation by the conduct of defendant, if such was the fact, or if the plaintiff, when met by such ruling or such violation of agreement by defendant, if such were the fact, instead of proceeding further in that proceeding to correct such erroneous ruling, if it were such, or to enforce the designation of his compensation in that proceeding, either from choice or force of circumstances, commenced this, a new and independent action, he stands here seeking to enforce a contract—to recover money or damages—and is amenable to the procedure of the court in such action in which the right of defendant to a jury trial is by

the constitution declared to be inviolate, and which by statute cannot be waived except in the manner therein provided (C. S., sec. 6865), and to which trial the plaintiff cannot draw the procedure or waiver of procedure from the former proceedings or agreement applicable to the former proceedings.

[2] Parties may agree to an arbitration; yet when they have so agreed,—

"The revocation of a submission renders it of no effect, terminates the authority of the arbitrators, and vitiates any award or subsequent proceedings by them. And when suit is brought on the claim submitted, the rights of the parties are to be determined by the rules applicable to that proceeding, regardless of what may have been done under the submission." 5 C. J., p. 61, sec. 121.

[3] Many courts construing similar constitutional and statutory provisions, have held that a waiver cannot be made or enforced except in the manner provided by statute. A waiver of a jury trial will not be implied in doubtful cases. (*Simmons v. State,* 75 Ohio St. 346, 9 Ann. Cas. 260, 79 N. E. 555; *People v. Metropolitan Surety Co.,* 164 Cal. 174, Ann. Cas. 1914B, 1181, 128 Pac. 324; *Platt v. Havens,* 119 Cal. 244, 51 Pac. 342; *Wittenberg v. Onsgard,* 78 Minn. 342, 81 N. W. 14, 47 L. R. A. 141; *Lipscomb's Admr. v. Condon,* 56 W. Va. 416, 107 Am. St. 938, 49 S. E. 392, 67 L. R. A. 670.)

Of the right to trial by jury in federal cases secured by the 7th amendment to the federal constitution, the supreme court, in *Slocum v. New York Life Ins. Co.,* 228 U. S. 364, Ann. Cas. 1914D, 1029, 33 Sup. Ct. 523, 57 L. ed. 879, announced principles equally applicable herein, as follows:

"In the trial by jury, the right to which is secured by the 7th Amendment, both the court and the jury are essential factors. . . . . And so, to dispense with either, or to permit one to disregard the province of the other, is to impinge on that right," and, quoting from *Hodges v. Easton,* 106 U. S. 408, 1 Sup. Ct. 307, 27 L. ed. 169. said:

" 'The court could not, consistently with the constitutional right of trial by jury, submit a part of the facts to the jury, and, itself, determine the remainder without a waiver by the defendants of a verdict by the jury. . . . . It has been often said by this court that the trial by jury is a fundamental guaranty of the rights and liberties of the people. Consequently, every reasonable presumption should be indulged against its waiver.' "

The agreement herein cannot be construed as a waiver of a jury trial as contemplated by statute, in this a new and independent action brought to recover money or damages either upon the contract or for the breach of it. The court erred in denying the appellant a jury trial, and, for this reason, the cause must be reversed.

Appellant specifies a number of alleged errors in the admission, over objection, of evidence as to services rendered and their value, contending that such services were within those contemplated to be compensated for by the monthly compensation set forth in the agreement, which it is conceded was regularly paid. Evidence was so admitted of services and their value in preparation of the original assessment-roll, amendments thereto, a supplemental roll, and a so-called "dollar-an-acre" roll, prepared under C. S., sec. 4505. When objections were made from time to time to various matters of evidence upon the same points, the court "reserved its ruling," but admitted the evidence. At the close of this phase of the case, the court ruled that upon such objections where ruling had been reserved, the objections were overruled. We thus may look at all such objections in the light of the proof that was submitted over them.

Plaintiff testified to being steadily employed from February to October, 1918, when the original roll was filed, at what he said was from eight to sixteen hours per day, equal, at eight hours per day, to eight months, for which he claims extra compensation in addition to his salary of $100 per month. He detailed many conferences, advice to stenographers, engineers, and the board, and personal services

in preparing the assessment-roll, all of which he seems to contend were proper to be considered in fixing the value of services not compensated for by the $100 per month, and to be paid for in addition thereto.

[4] It must be remembered that the $100 per month was not merely a retainer as such, but was recited as salary for which he was to draw all legal documents and advise the board. If, as he detailed, all of his time was devoted to matters for which he claims extra compensation, and if he was to receive extra compensation for all he did and recited, much of which was plainly drawing legal documents and advising the board, what was he doing or to do for the $100 per month? In fact, it does not appear that during this period he was "in court," at least not in connection with the assessment-roll. It cannot be held that he was entitled to additional compensation as for court proceedings for his services rendered in preparation, completion and filing of the original assessment-roll. The contract is plain that from one period until "the assessment roll is completed and filed," the salary was to be $200 a month, and "then to revert back to $100 per month." The work of preparation of the assessment-roll and furnishing of advice plainly contracted for, was within the agreement to "draw all legal documents" and "furnish the Board with advice." The proviso that, in case he should have to go into court, he was to receive compensation to be designated by the court, plainly does not control the explicit recital of the contract that, until the assessment-roll was completed and filed, he was to receive a salary for this, the preparation of legal documents and advice.

We will not pass upon and determine with exact nicety and word for word, the evidence which was erroneously admitted. It is enough to say that preparation of assessment-rolls and amendments thereto, supplemental rolls and other legal documents which were necessary in due course of the administration and execution of the powers of the board, with such advice as was necessary in their preparation and filing, whether contested or not, were within the work com-

pensated for by the salary provision. They would have had to be prepared, even though the plaintiff did not "have to go into court."

[5]   While in no way meaning to detract from the effort, ability or efficiency of plaintiff in what was at that time a new and uncharted course, the amended or supplemental rolls were necessary to comply with rulings or decisions of the court. If the roll had been originally so drawn as to pass the requirements of the court, its redrafting or amendment would have been unnecessary. They were thus rather the result of such rulings than a part of the court procedure, and were within the work to be compensated for by the salary, although the necessary court work in so determining would be compensated for in addition to the salary as for services in court.

[6]   While the "dollar-an-acre" roll was provided for by legislation subsequent to the contract, the services and advice in its preparation were plainly as much within the "legal documents" and "advice" contemplated by the agreement as were the other rolls. For the necessary services in the way of court procedure and litigation necessary in any event, or made so by the exigencies of the case, the plaintiff was entitled to added compensation.

[7]   Objection was made to evidence of services in court in securing approval by the court of the so-called "dollar-an acre" roll. Appellant contends that such approval is not required by statute; therefore unnecessary. The advisability of such practice, even in the absence of strict statutory requirement, is a matter upon which reasonable minds might differ. We cannot determine, as a matter of law, that an attorney who, in good faith, takes a position which ultimately proves untenable, has not earned any fee. (6 C. J., p. 721, sec. 287.) The fact that plaintiff saw fit to secure the court's approval of this roll, with evidence of the court work in so doing, is a matter for consideration as to the reasonable value of the service, to be determined with other matters as to the value of services in court, other than .

the manual or clerical or advisory work in its preparation, which was covered by the agreement.

It is unnecessary to pass upon other specifications of error.

The judgment is reversed and the cause remanded with instructions to grant a new trial. Costs to appellant.

William A. Lee, C. J., and Wm. E. Lee and Budge, JJ., concur.

Givens, J., did not sit and took no part in the opinion.

Petition for rehearing denied.