CLARENCE K. SEONG *v.*
TRANS-PACIFIC AIRLINES, LTD.

NO. 3019.

FRANCES T. SEONG *v.*
TRANS-PACIFIC AIRLINES, LTD.

NO. 3020.

ARGUED JUNE 29, 1955.      DECIDED OCTOBER 21, 1955.

TOWSE, C. J., STAINBACK AND RICE, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

Separate complaints by Clarence K. and Frances T. Seong, husband and wife, were filed below against Trans-Pacific Airlines, Ltd., seeking damages arising from injuries received by Mrs. Seong while a passenger on one of the defendant's planes when she was allegedly thrown or fell against a metal clasp attached to her seat.

The defendant's amended answer to plaintiff Clarence

K. Seong's complaint denied the material allegations of the complaint and asserted the following defenses:

"1. That by tariff issued by the Defendant on April 15, 1949 and made effective under the Civil Aeronautics Act of 1938 and rules and regulations of the Civil Aeronautics Board, which tariff was of effect on February 12, 1951, 'No action shall be maintained for loss or damage to a passenger's property, or baggage, or injury to his person, or for any actionable delay in transportation unless notice of the claim is presented in writing to the Company within 30 days after the occurrence of the loss, delay, damage, or injury, and unless the action is actually commenced within one year after such occurrence;' that although the alleged injury to the Plaintiff's wife, FRANCES T. SEONG, occurred on February 12, 1951, the said FRANCES T. SEONG did fail to present notice of the said claim alleged in said complaint in writing to the Defendant within 30 days after February 12, 1951 and that the said FRANCES T. SEONG did fail to commence action thereon within one year from said date;

"2. That in purchasing and accepting the passenger ticket from the defendant on February 12, 1951, said ticket bearing the notation 'Sold subject to tariff regulations,' the said FRANCES T. SEONG did agree to the provisions quoted above in said tariff regulations pertaining to the filing of claims within 30 days after the occurrence of the injury and the commencement of action thereon within one year after such occurrence;

"3. Without admitting any negligence on the part of the Defendant, that, if the Defendant had been negligent in any manner or way, the said FRANCES T. SEONG was contributorily negligent in the occurrence of the alleged injury to herself in that she did fail to heed the warning light flashed within the airplane in which she was riding to fasten her safety belt and also the request and

direction of the stewardess on duty within said airplane to fasten her safety belt, and/or did fail to keep said safety belt on."

Plaintiff's replication denied contributory negligence and alleged that the defendant was estopped from barring them by virtue of the tariff regulations for the following reasons:

"1. That the alleged conditions set forth by the Defendant, namely, that the notice shall be given 'in writing' within thirty (30) days, and that suit shall be commenced within one (1) year were not at any time either prior to the occurrence of such injury or subsequent thereto, and prior to the expiration of such period, brought to the attention of the Plaintiff or to the attention of the said FRANCES T. SEONG, by the Defendant and were not known or assented to by either of them, and therefore such conditions are ineffective to bar action herein;

"2. That the Defendant had actual notice of the injuries suffered by the said FRANCES T. SEONG and the damage to Plaintiff herein, and by its actions and conduct, to-wit: admitting its liability and informing and advising the said FRANCES T. SEONG and the Plaintiff herein immediately after such accident and before the expiration of such thirty (30) day period that her damages and expenses resulting from such accident would be paid, that the Defendant then and there waived the giving of notice 'in writing' as required by such condition.

"3. That the failure of Plaintiff to institute action herein within one (1) year after the occurrence of such accident was induced by the acts and conduct of the Defendant, particularly in specifically requesting the indulgence of the Plaintiff in not filing any suit or action against the Defendant, thereby tacitly promising if time were given, such claim as would be reasonable and just would be paid; that Plaintiff herein acted in reliance on

such request and representation to his detriment herein; that Defendant should not now be allowed to take advantage of such delay."

The amended answer to plaintiff Frances T. Seong's complaint and the defendant's replication thereto contained substantially the same recitals hereinabove set forth.

Prior to the filing of the amended answer and replication, a demand for trial by jury in each cause was filed by plaintiffs.

On the day set for trial of the husband's cause, it was stipulated in open court that the two causes be consolidated and that a hearing be held upon the issues raised by the first two paragraphs of the amended answer, *viz:* whether the plaintiffs were barred by failure to give written notice of their claim within 30 days after the injury and to commence action within the one year period governing such action; and whether the purchase of a passenger ticket bearing the notation "Sold subject to T. P. A. Tariff No. 3," constituted an agreement between Mrs. Seong and the defendant which made the tariff regulations binding upon the plaintiffs.

After the hearing wherein evidence upon the foregoing issues only was received, the trial judge found, *inter alia,* that the limitation periods established in the tariff regulations for the giving of notice and commencing suit for personal injuries and damages were superseded by the conflicting local statute of limitations of two years (R. L. H. 1945, § 10427) and that the obligation of the defendant airline to transport the plaintiff from Maui to Honolulu "was not modified by contractual agreement through the inclusion of the notation on the ticket of the words, 'Sold subject to T. P. A. Tariff No. 3.'" The trial judge concluded "that the Plaintiff has overcome, by a preponderance of the evidence the issues raised by Paragraphs I and

II of Defendant's Answer and the Court is now ready to proceed on the question of negligence."

Before proceeding to the issue of negligence, the plaintiffs objected to proceeding further without a jury. The trial judge denied plaintiffs' motion for a jury trial upon the ground that they had waived such demand by electing to proceed before the trial judge alone on the issues raised by the amended answer, the determination of said issues necessitating findings of fact. The denial of a trial by jury upon the issue of negligence is assigned by plaintiffs as one of the points on appeal herein.

After completion of trial before the judge without a jury, all of which proceedings were had over plaintiffs' objection, a decision upon the issue of negligence was entered in favor of the defendant upon the finding that the direct and proximate cause of plaintiffs' injuries and damages was a wind condition known as a down draft which forced the plane downwards two to three hundred feet before it could be stabilized; that the defendant or its pilot, while flying under the normal weather conditions prevailing at the time, could not have anticipated or avoided the down draft; that plaintiff Mrs. Seong was guilty of contributory negligence in failing to heed the warning of the "fasten seat belt" sign which was flashed by the pilot, as well as the announcement of the stewardess that the warning was on; and that the metal clasp upon which Mrs. Seong was alleged to have struck her spine was standard passenger airline equipment approved by the Civil Aeronautics Administration of the Department of Commerce. The court further found that the plaintiffs had abandoned any right to recovery premised upon the doctrine of *res ipsa loquitur* by relying solely upon the specific negligence alleged in the complaints.

Plaintiffs now assert 13 points on appeal, which have been consolidated by them into four questions directed at

the asserted denial of a trial by jury, the alleged negligence of the defendant, and the alleged contributory negligence of plaintiff Mrs. Seong. In their component parts, the plaintiffs' detailed points raise the following issues for determination:

1. Did the trial court err in finding that plaintiffs waived their right to a jury trial by proceeding without a jury on issues raised by the first two paragraphs of defendant's amended answer relative to whether plaintiffs' causes of action were barred by their failure to comply with the provisions of the tariff regulations?

2. Did the trial court err in finding that the direct and proximate cause of plaintiffs' injuries and damages was the down draft, not defendant's negligence, and that the metal clasp on which plaintiff Mrs. Seong struck her spine was standard and approved airline equipment and not negligently maintained by the defendant?

3. Did the trial court err in finding that during the course of the trial, plaintiffs waived or abandoned any right to recovery under the doctrine of *res ipsa loquitur?*

4. Did the trial court err in finding that plaintiff Mrs. Seong was guilty of contributory negligence in failing to heed the warning signal to fasten seat belts which was flashed by the pilot and the announcement of the stewardess that the signal was on?

Facts of record pertinent to the first issue establish that a demand for a trial by jury was seasonably filed by the plaintiffs three days after the filing of the answer and prior to the filing of the amended answer and replication. After all of the pleadings were filed and issue joined, the husband's cause was set for trial but subsequently continued by the trial judge upon the representation of plaintiff's attorney that counsel for both parties were preparing an agreed statement of facts to be filed in order to determine whether the cause of action was barred by failure to

conform with the requirements of the tariff regulations. On the day thus reset by the court for trial, the parties stipulated in open court that the husband's and wife's separate causes be consolidated for trial, that evidence be taken, and that a decision be rendered upon the sole issue of the statutes of limitations before proceeding to trial upon the question of negligence raised by the pleadings. The record bears the following colloquy after the clerk called the cases for "argument on replication":

"THE COURT: What I can't understand is, what is before the court at this time. How can you argue on replication? You are not demurring to the replication. We can't make up our proceedings, there has to be some issue that the court can properly decide.

"MR. CHOY: The pleadings reveal an issue is involved on the period of limitation.

"THE COURT: Yes, but there must be some form of pleading to properly raise that so I can decide that at this time, either in the form of a motion or demurrer or something.

"MR. CHOY: It will necessitate some evidence. We have tried to stipulate, as far as we can, on agreed facts.

"THE COURT: You mean, in other words, we are beginning the trial?

"MR. CHOY: Yes.

"THE COURT: I thought it was mainly in the nature of some sort of legal argument.

"MR. CHOY: The only thing now will be a trial proper without a jury to dispose of this legal issue.

"THE COURT: And then assuming the court rules one way you want to reserve the right to put on further evidence.

"MR. CROCKETT: I think the record should show that we agreed to stipulate that the question raised in the answer and by the replication relative to whether or not

the plaintiff is barred by reason of certain limitations should be decided at the present time. That is the stipulation which we entered into, which I explained to the court alone out in the court's office.

"THE COURT: Yes, but the court is only concerned from the standpoint of the record.

"MR. CROCKETT: We stipulate —

"MR. CHOY: In other words we are going into the trial proper now on a restricted basis.

"THE COURT: That is what I want to understand. It is my understanding then that once a decision is made on this question you will then be able to proceed — I mean so far as his case the only matter will be limited to the question of limitation.

"MR. CROCKETT: In other words, assuming that the court should hold that the bar wasn't established, why then we would proceed only on the question of negligence and amount of damages, if any.

"MR. CHOY: That is correct."

The record discloses that during the hearing upon the issue of the tariff regulations, documentary evidence was introduced, consisting of certain tariff regulations, a form of passenger ticket issued by the defendant, eight letters relative to the accident and subsequent offers to settle the claims, and a stipulation that the defendant had actual notice of the injury. In addition, the testimony of five witnesses, three on behalf of the plaintiffs and two on behalf of the defendant, was received, legal arguments of both counsel were heard and memoranda filed.

A decision in favor of plaintiffs was rendered, the trial judge finding, *inter alia,* that "a tariff provision which attempts to place limitations on notice of claims for personal injuries and the time for bringing actions therefor, must yield to the conflicting Territorial Statute" and that the purchase and acceptance of the passenger ticket

bearing the notation, "Sold subject to T. P. A. Tariff No. 3," did not constitute a modification of the contractual agreement between Mrs. Seong and the defendant relative to the statutes of limitations on claims for injuries and commencement of actions thereon; the trial judge concluding that "the Plaintiff has overcome, by a preponderance of the evidence, the issues raised by Paragraphs I and II of Defendant's Answer and the Court is now ready to proceed on the question of negligence."

On the day set for trial upon the issue of negligence, plaintiffs moved in open court for a jury trial upon that issue, counsel for plaintiffs stating: "If the court please, on behalf of both plaintiffs in this case, at this time we wish to object to proceeding in this matter without a jury. Both plaintiffs filed a demand for trial by jury, which demand has not been withdrawn in any way, and at this time we wish to have the record note our objection to proceeding without a jury." The trial judge, in denying the motion, observed that in rendering a decision upon the issue of the statutes of limitations, it was necessary to make findings of fact, "and the court knows of no way in which there can be a divided responsibility" between a judge and a jury in these circumstances. The denial of the demand for jury trial upon the issue of negligence in the circumstances recited constitutes the first question for determination.

Section 10108, Revised Laws of Hawaii 1945, provides that "Issues of fact arising in any suit contemplated by sections 10032-10035 shall be tried by the court without a jury unless a jury trial be demanded by either party." Such demand for a jury trial may be made by either party to a civil action "by a written document filed in court within ten days after the case is at issue; *provided* however, that if no such demand shall be made for a trial by jury parties to the cause shall be deemed to have waived trial by jury."

(R. L. H. 1945, § 10106.) We note that this cause, having been instituted prior to June 14, 1954, Rules 38 and 39 of the Hawaii Rules of Civil Procedure relative to jury trial were not applicable.

We recognize that "the constitutional right to a jury trial in civil cases is a mere privilege, and as such is capable of being waived." (*U. S.* v. *National City Bank,* 281 Fed. 754, 757.) "It is well-settled that such right may be waived in civil cases, and that it may be waived by actions or conduct.as well as expressly * * *." (*Ah Hing* v. *Ah On,* 15 Haw. 59, 60; *First Trust Co. of Hilo, Ltd.* v. *Cabrinha,* 24 Haw. 777.) "It seems, therefore, that both by express agreement in open court, and by implied consent, the right to a jury trial could be waived." (*Kearney* v. *Case,* 12 Wall. [79 U. S.] 275, 282.) And this principle applies whether the failure to claim such right is intentional or inadvertent. (*Gulbenkian* v. *Gulbenkian,* 147 F. [2d] 173.)

In the circumstances presented, a timely demand for a trial by jury was entered of record by plaintiffs subsequent to the defendant's answer and prior to the amended answer and replication. The demand was at no time expressly or voluntarily withdrawn. "We are satisfied that an interpretation of the statute in accordance with the legislative intent requires us to hold that the filing of a demand for a jury trial by either of the parties within the time prescribed by the statute fixes the status of the case as one to be tried by a jury and that it would thereafter take the same character of action by the parties to change that status as was required under the statute prior to 1909. At that time it required a waiver by both parties to change the status of the case from a jury case to a jury-waived case. So we thing that where the status of the case has been fixed as a jury case by the filing of demand for a jury trial by one of the parties to the action that such status cannot be changed except by agreement of the

parties or by conduct amounting to a waiver of their right to a jury trial." (*First Trust Co. of Hilo, Ltd.* v. *Cabrinha,* 24 Haw. 777, 781.)

We deem the sole question in the circumstances here presented to be whether at any stage of the proceedings there occurred such conduct of the parties that would amount to a waiver of the demand for a trial by jury. Under the ruling of the *Cabrinha* case, *supra* at 781, "Certainly the [defendant] by opposing [plaintiffs'] insistence for a jury has consented to a trial without a jury and has therefore waived its right in this respect." The sole remaining inquiry would therefore appear to be whether the plaintiffs, by being heard and proceeding to a final decision before the trial judge without a jury upon the issue of whether the causes of action were barred by failure to conform with the provisions of the tariff regulations, waived such right which had previously been seasonably demanded.

In the *Cabrinha* case, *supra,* where the party demanding a trial by jury appeared on the day set for trial jury-waived, and "announced ready without claiming a right to a jury trial" and subsequently consented to the case being tried jury-waived after motion in open court for a trial by jury was overruled, this Court properly concluded that such conduct constituted a waiver. It is fundamental that where a party enters upon a hearing without a jury, without objection, and presents an issue of fact for decision by the trial judge, and such ruling is adverse, he will not thereafter be heard to complain that he was entitled to have had a jury decide such question of fact rather than the trial judge. (*Hernandez* v. *Light Pub. Co.* 245 S. W. [2d] 553 [Tex. Civ. App.].) Such action is deemed equivalent to a waiver of the right of trial by jury upon an issue so determined, and is construed as consent that it be heard without a jury. (*Parkerson* v. *Borst,* 251 Fed. 242; *Putnam*

v. *Employers Liability Assur. Corp.*, 90 N. H. 74, 4 A. [2d] 353.) As stated in the *Hernandez* case, *supra,* at 554: "Appellant had a choice between submitting his fact questions to a court or a jury as the trier of facts, but his right to a jury could be waived if he chose that course, which we think he did by entering upon the hearing without complaint."

In the case at bar, however, the plaintiffs below objected strenuously to proceeding upon the merits of the causes without a jury, excepted to the denial of their motion for a trial by jury, and firmly refrained, by conduct or otherwise, from consenting in any manner, expressly or impliedly, to a trial jury-waived upon the factual issue of negligence. We here emphasize that plaintiffs are *not* demanding a trial by jury of the issue presented by the statute of limitations which, by stipulation, was decided by the trial judge.

It is well-established that trial by jury being a constitutional and fundamental right, "courts indulge every reasonable presumption against the waiver of such right" (*Aetna Ins. Co.* v. *Kennedy,* 301 U. S. 389, 393; *Kearney* v. *Case,* 12 Wall. [79 U. S.] 275) ; "and in order to create a waiver by implication unequivocal acts are necessary to be shown." (*Jones* v. *Murrow,* 21 Ala. App. 326, 108 So. 81, 82.) It has also been held that "A waiver of a jury trial will not be implied in doubtful cases." (*Neal* v. *Drainage Dist. No. 2,* 42 Idaho 624, 248 Pac. 22, 24.)

There are no facts adducible of record which indicate that the plaintiffs, either expressly or by their conduct, intentionally or inadvertently waived their seasonable demand for a trial by jury upon the issue of negligence. The record, on the contrary, bears evidence that the defendant, as well as the plaintiffs and the trial judge, proceeded to present the issue of the effect of the tariff regulations upon a *limited* basis to dispose of that legal

question preliminarily, before proceeding to the merits of the causes. As hereinabove quoted in the colloquy between counsel and the trial judge prior to the hearing upon the question of the statute of limitations, defendant's counsel represented that "The only thing now will be a trial proper without a jury to dispose of this *legal* issue" and also "In other words we are going into the trial proper now *on a restricted basis.*" (Emphasis added.) The trial judge, in this colloquy, also indicated that he understood that "the only matter will be limited to the question of limitation." Plaintiffs' counsel also apparently understood that the legal issue presented by the amended answer and replication was to be disposed of preliminarily, stating: "I think the record should show that we agreed to stipulate that the question raised in the answer and by the replication relative to whether or not the plaintiff is barred by reason of certain limitations should be decided at the present time. * * * In other words, assuming that the court should hold that the bar wasn't established, why then we would proceed only on the question of negligence and amount of damages, if any."

It affirmatively appears that the plaintiffs, having filed a timely demand for trial by jury, stipulated to present the issue of the statutes of limitations raised by the pleadings for a *preliminary* and *limited* purpose only to the trial judge, and thereafter seasonably objected to proceeding to trial on the merits without a jury. In such circumstances, "We will not indulge in any presumption that a litigant has waived such a fundamental right." (*Farmer* v. *Loofbourrow,* 75 Idaho 88, 267 P. [2d] 113, 116.) In the absence, and we discern none herein, of an unequivocal and clear showing of such waiver either by express or implied conduct, we adhere to the rule above enunciated of indulging every reasonable presumption against such waiver. (*Aetna Ins. Co.* v. *Kennedy,* 301 U. S. 389; *Kear-*

*ney* v. *Case,* 12 Wall. [79 U. S.] 275; *Jones* v. *Murrow,* 21 Ala. App. 326, 108 So. 81; *Neal* v. *Drainage Dist. No. 2,* 46 Idaho 624, 248 Pac. 22.)

We are of the further opinion that the preliminary question of the effect of the statutes of limitations involved undisputed material facts which were sufficient for the trial judge to decide whether the causes of action were barred as a matter of law, and that there were no disputed facts material to this issue which necessitated submission to a jury. "Where the facts are agreed upon or ascertained, it is a question of law whether a demand is barred by the statute of limitations * * *, but where issue is joined on a plea of the statute and the evidence is conflicting as to when, with reference to the filing of the complaint, a cause of action accrued, the question is properly submitted to the jury as a mixed question of law and fact * * *, and the case may not be taken from the jury where the plea of the statute is interposed and there is evidence to support the plea * * *." (*Cullinan* v. *McColgan,* 87 Cal. App. 684, 263 Pac. 353, 356, quoted in *Mitchell* v. *Towne,* 31 Cal. App. [2d] 259, 87 P. [2d] 908, 910; *Slack* v. *Bryan,* 299 Ky. 132, 184 S. W. [2d] 873.) "Where there is no dispute in the evidence to the facts, the question as to whether the statute of limitations has run is for the court and not for the jury." (*Bermann* v. *Beckman,* 73 N. D. 720, 19 N. W. [2d] 455, 460; see *Otokichi* v. *Sekijiro,* 23 Haw. 234.)

The record discloses no dispute upon either the date of the alleged injury or the date on which the claim was filed. It was stipulated that the defendant had actual notice of the injury. "It is true where the evidence is conflicting or reasonable minds may draw different conclusions from it, the question of whether the statute would bar the suit is for the jury, but it is elementary that where the evidence is all one way the question becomes one of

law for the court." (*Arkansas Natural Gas Co.* v. *Sartor,* 78 F. [2d] 924, 929.)

In finding that a tariff provision which established limitations upon notice of claims for personal injuries and the time for commencing action thereon must yield to the two year statute of limitations in this jurisdiction (R. L. H. 1945, § 10427), the trial judge in so finding, ruled as a matter of law that plaintiffs' causes of action were not barred by the tariff regulations and were within the temporal provisions of the applicable local statute. Consequently, certain findings of the judge, assertedly from conflicting facts, "that Mrs. Seong had no knowledge of the existence of such notation on the ticket; that she had no reasonable notice of such notation which could be equated to actual knowledge; and that the obligation of the Defendant to transport Mrs. Seong from Maui to Honolulu was not modified by contractual agreement through the inclusion of the notation on the ticket of the words, 'Sold subject to T. P. A. Tariff No. 3,' " were not material or necessary to the determination of the question of law before the court and cannot now be denominated as conflicting facts which should have been submitted to a jury or to the trial judge as the trier of such facts. We find that in the absence of disputed material facts necessitating the intervention of a jury to determine the preliminary question of the statutes of limitations as a bar to the actions, there was no waiver by plaintiffs of a trial by jury upon the merits of the causes.

It appearing that plaintiffs not only did not waive a trial by jury, but on the contrary actually demanded such trial and objected to proceeding without a jury upon the issue of negligence, the denial of a trial by jury herein constituted reversible error. This conclusion renders unnecessary a determination of the remaining questions presented.

The judgment is reversed and the causes remanded for further proceedings in conformity herewith.

*W. F. Crockett* (also on the briefs) for appellant.