LEE WING CHAU *v.* FUSAE K. NAGAI.

No. 4128.

JUNE 7, 1960.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY,
WIRTZ AND LEWIS, JJ.

OPINION OF THE COURT BY TSUKIYAMA, C. J.

This is an action instituted in the third circuit court for damages allegedly sustained by plaintiff as a result of an automobile collision on a public highway in Hilo, Hawaii. Upon the complaint was endorsed plaintiff's demand for a trial by jury. Defendant joined issue by duly answering the complaint. A motion to set having been filed, the court set a pre-trial conference for December 9, 1958. The conference, however, was actually held in the Judiciary Building in Honolulu on December 12, 1958, in a very informal manner.

On March 17, 1959, pursuant to a previous setting, the case was called for trial before the third circuit court. *In limine* a controversy arose as to whether the trial should

or should not be jury-waived. It appears from the transcript of statements made by the parties before the court on March 17, 1959, that during the pre-trial conference in Honolulu, the presiding judge had made an inquiry as to whether the parties proposed to proceed with a trial by jury as originally demanded by plaintiff; that the conference was conducted in an atmosphere of sheer informality; that in response to the judge's inquiry, defendant's counsel made a statement to the effect that, since the case was to be tried in Mr. Carlsmith's own bailiwick, he did not believe that jury would be waived by plaintiff.

It is further shown by the record that a notice dated January 5, 1959, and addressed to both counsel by the clerk of the court, contained a postscript informing the parties that they were to notify the court by January 10, 1959, as to whether the trial was to be by jury; that on January 10, 1959, plaintiff formally filed a "Withdrawal of Demand for Jury Trial" and served a copy thereof upon defendant's counsel; that on February 11, 1959, the trial judge wrote to and advised defendant's counsel, *inter alia,* that according to his notes, "before January 10, 1959, both parties would indicate whether they planned to have a jury trial in accordance with previous demand"; that in the same letter, the judge stated parenthetically: "A withdrawal of demand for jury trial and certificate of service was filed by plaintiff on January 10, 1959."

Counsel made no reply and nothing ensued until March 6, 1959, when the parties executed a pre-trial order. No reference was made to the mode of trial. On the day before trial, defendant's counsel requested a copy of the jury list from the clerk and was informed that the trial would be jury-waived. After arguments were heard on the following day, the court ruled that defendant was not entitled to a trial by jury and entered a minute order to

that effect. Defendant was allowed an interlocutory appeal.

The sole issue in this case is whether upon the state of facts above detailed, defendant "consented" to the withdrawal by plaintiff of his demand for a trial by jury.

It was well settled in this jurisdiction that when either of the litigating parties properly demanded jury, it fixed the status of the case and the other party was not required to file his own demand. *Trust Co.* v. *Cabrinha,* 24 Haw. 777; *Seong* v. *Trans-Pacific Airlines, Ltd.,* 41 Haw. 231. See *Stukey* v. *Stephens,* 37 Ariz. 514, 295 P. 973. The adoption of the Hawaii Rules of Civil Procedure has not only left this practice unchanged but strengthened it by requiring the "consent of the parties" in order to effectuate a withdrawal of jury once demanded. H.R.C.P. Rule 38(d); *Moore's Federal Practice,* Sec. Ed., Vol. 5, § 38.45.

What constitutes "consent"? It is true that the terms "consent" and "waiver" are often used interchangeably. Literally, consent denotes affirmative action and waiver implies passive or negative conduct. Appellee (plaintiff) in the case at bar contends that by inaction appellant (defendant) has either waived or consented to the former's withdrawal of her demand for jury. The *Cabrinha* case, *supra,* held that "the right of trial by jury in civil cases may be waived by actions or conduct as well as expressly." It is important to note, however, that Rule 39(a) of Hawaii Rules of Civil Procedure provides: "The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury * * *." The foregoing language is crystal-clear. After a case has been assigned the status of a jury trial, it can be changed to a jury-waived

status only by a written stipulation or by an oral stipulation made in open court and entered in the record.

A review of the record shows that in the instant case neither of the two modes was resorted to. Appellee argues that appellant's silence and inaction after service upon counsel of a copy of appellee's withdrawal of demand for jury on January 10, 1959, and until March 17, 1959, the date of the trial, the statement allegedly made by counsel for appellant at the pre-trial conference in Honolulu on December 12, 1958, and his disregard of the trial judge's letter of February 11, 1959, which, among other things, reminded him of the previous agreement of the parties to indicate their plans as to the mode of trial by January 10, 1959, and of the fact that appellee did file a withdrawal of his demand for jury, all in effect constituted a waiver of jury or a consent to the withdrawal by appellee of his demand. It is true, counsel for appellant has offered no explanation for his inaction. Although an answer was not necessary to preserve the defendant's constitutional right to a trial by jury, we will make the observation, in passing, that the trial judge's personal letter, as a matter of courtesy alone, deserved an answer. We can only indulge in the presumption that counsel's failure in that respect was inadvertent.

Be that as it may, the issue here is a juridical one. For centuries the system of trial by jury has been carefully preserved and developed as an institution which firmly undergirds the judicatory structure in common law jurisdictions. Having stood the test of long experience as one of the best means of protecting property and human liberty, the system must be jealously guarded against any unauthorized encroachment. This court repeats, with approval, what it said in the *Seong* case, *supra:* "It is well-established that trial by jury being a constitutional and

fundamental right 'courts indulge every reasonable presumption against the waiver of such right' * * *." In that case, jury had been demanded but the parties agreed to submit the issue of the statute of limitations to the court without jury. Upon the issue of negligence, however, the plaintiffs insisted that they were entitled to jury as originally demanded. The trial court, however, proceeded jury-waived. In reversing, this court further said: "In the absence, and we discern none herein, of an unequivocal and clear showing of such waiver either by express or implied conduct, we adhere to the rule above enunciated * * *."

Statute and rules governing the method of waiving jury or consenting to the withdrawal of the demand therefor are designed to safeguard a fundamental and constitutional right. The method prescribed, being exclusive, requires compliance with particularity and any action, expression or conduct in or out of court otherwise than as prescribed cannot be deemed to constitute a waiver or consent. *Jackson* v. *General Finance Corporation,* 208 Okla. 44, 253 P. 2d 166.

A situation analogous to the case at bar is found in *Okmulgee Producing & Refining Co.* v. *Wolf,* 88 Okla. 188, 212 Pac. 415. There, the issue was whether the defendant had waived trial by jury. Under an Oklahoma statute, one of the methods prescribed for a waiver of jury was "by oral consent, in open court, entered on the journal." It appears that the defendant had previously made a statement in court and also sent a telegram to opposing counsel, both of which must have given the court the impression that jury might be waived. There was no journal entry. On March 27th, the defendant moved to have the case postponed so that it could be tried by a jury. It was then that the court caused to be entered on the journal an order

setting the case for trial jury-waived on April 4th and stating therein that the court, "upon its recollection of the statement made in open court by Mr. McClarin, the counsel for defendant, and having examined a telegram * * *, finds that defendant has heretofore waived the right to a trial by jury." On the day of trial, the defendant again demanded jury but the court denied the motion. In reversing and remanding the case for a new trial, the appellate court said: "We are not advised as to the contents of the telegram, or the statement made by the counsel for the defendant; but conceding that counsel for defendant had theretofore in open court stated that the cause might be tried without a jury, and that he had also signified such consent by a telegram, we are of the opinion that such actions do not bring this case within the meaning of the provision of the statute providing for waiver by oral consent in open court entered on the journal. The only journal entry made in connection with this matter was that made on the 27th day of March, * * *. Had counsel for the defendant in open court by oral consent waived a jury prior to such date, a journal entry thereof should have been entered, and, no such journal entry having been made, a journal entry, made at the time the jury was demanded, in which the trial court recites that theretofore a jury had been waived by statement made in open court, is not sufficient to constitute a waiver." See also *Hoover* v. *Abell*, 231 S.W. 2d 217 (Mo. App. 1950).

In *Territory* v. *Iki*, 39 Haw. 613, this court held: "We find no precedent supporting the Territory's contention that the reply 'Yes your Honor' to the trial judge's quaere 'Defense ready?' constitutes either an express or implied waiver of a trial by jury in a jurisdiction in which the procedure for waiving that right is expressly enumerated by statute. * * *

"Adhering as we do to the principle that where, such as here, a statutory method of waiver of this substantial right [of trial by jury] is prescribed, we hold that such procedure is exclusive and requires substantial compliance with its provisions * * *." See also *Territory* v. *Lantis*, 38 Haw. 178.

In the instant case, appellee assigns much significance to the statement allegedly made at the pre-trial hearing by appellant's counsel expressing his doubt that Mr. Carlsmith would waive jury. Such statement cannot be considered as a clear, unequivocal consent to waive jury, nor can it be construed as "an oral stipulation made in open court and entered in the record" within the meaning of H.R.C.P. Rule 39(a).

Suffice it to say that appellee's withdrawal of his demand for jury was ineffective as against the adverse party. It failed to conform to Rule 38(d) which requires the "consent of the parties." This requirement, viewed in the light of Rule 39(a), calls for an intentional affirmative action indicating consent. The mere filing of a withdrawal and service of a copy thereof upon the adverse party are insufficient to change the status of the case. Where a fundamental and constitutional right is involved, any doubt as to whether a party intended to waive or consent should be resolved in favor of the party claiming that he has not waived or consented. The trial judge's anxiety in this case, which was manifest in his letter to counsel, shows that there was definitely a doubt.

Order reversed and cause remanded with direction to grant a trial by jury.

*James S. Campbell (Smith, Wild, Beebe & Cades* with him on the briefs) for appellant.

*H. William Burgess (Carlsmith & Carlsmith* with him on the brief) for appellee.