# THE FIRST TRUST COMPANY OF HILO, LIMITED, *v.* A. M. CABRINHA.

## No. 1151.

### EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT. HON. C. K. QUINN, JUDGE.

ARGUED APRIL 28, 1919.                    DECIDED JUNE 5, 1919.

### COKE, C. J., KEMP AND EDINGS, JJ.

JURY—*effect of demand for trial by.*

The filing of a demand for a jury trial by either of the parties within the time prescribed by the statute fixes the status of the case as one to be tried by a jury.

SAME—*same—waiver of jury by parties.*

The filing of a demand for a jury trial by one of the parties fixes the status of the case as one to be tried by a jury and this status cannot be changed except by agreement of the parties or by conduct amounting to a waiver of their right to a jury trial.

SAME—*time within which demand for trial by jury may be made.*

A statute which provides that written demand must be filed "within ten days after the case is at issue" fixes the last day upon which a demand may be filed but does not require the case to be at issue before the demand may be filed.

SAME—*demand for jury contained in prayer of complaint held insufficient.*

Including in the prayer of the complaint the statutory form of prayer for process that the defendant be cited to "appear and answer this complaint before a jury of this country" does not constitute such demand for a jury trial as is contemplated by the statute.

VENDOR AND PURCHASER—*forfeiture—waiver.*

The clause in a contract of sale of real estate reserving to the vendor the right to declare a forfeiture for failure of the vendee to make payments as agreed may be waived but it is a general rule that mere indulgence or silence will not be construed as a waiver unless some element of estoppel can be invoked.

SAME—*same—same.*

In the absence of other circumstances the acceptance by the

vendor of payments past due does not relieve the vendee from his obligation to make subsequent payments promptly, nor will it operate to estop the vendor from declaring a forfeiture for failure to make such subsequent payments.

## OPINION OF THE COURT BY KEMP, J.

This is an action in ejectment by the First Trust Company of Hilo, Limited, plaintiff, against A. M. Cabrinha, defendant, to recover possession of certain real estate which the defendant had contracted to purchase from the plaintiff and for which he agreed to pay at the rate of fifty dollars per month, payments to begin September 1, 1916, and fifty dollars on the first day of each month thereafter until the purchase price is paid in full. In the instrument evidencing the agreement time was declared to be of the essence of the contract. A forfeiture of the contract was declared by the plaintiff on May 31, 1917, and a reentry made upon the land. The circumstances under which the forfeiture was declared and the reentry made will be discussed in connection with the question of whether or not there had been a waiver by the plaintiff of its right to declare such forfeiture.

The case was tried by the court without a jury and resulted in a decision and judgment in favor of the plaintiff. Defendant is here on exceptions two in number which we will discuss.

Exception was taken by the defendant to the overruling of his oral motion for a jury made in open court on the day of the trial. The complaint was filed on the 4th day of June, 1917. On June 23, 1917, the defendant filed his answer which was a general denial of the allegations of the complaint and a special plea of tender. No further pleadings were filed and on March 19, 1918, the case was tried before the court without the intervention of a jury. When the case was called for trial on March 19, 1918, the

defendant moved the court for a trial by jury but the court held that he had waived his right to a jury and overruled his motion. A portion of the prayer of the complainant is that the defendant be cited to "appear and answer this complaint before a jury of this country" and it is now contended by defendant that this language contained in the prayer of the complaint fixed the status of the case as a jury case. So much of our statute governing the demand for and waiver of a jury as is applicable to this question is as follows:

"Issues of fact * * * shall be tried by the court without a jury unless a jury trial is demanded by either party" (Sec. 2377 R. L. 1915).

"Either party to a civil suit may demand a trial by jury by a written document filed in court within ten days after the case is at issue; provided, however, that if no such demand as aforesaid shall be made for a trial by jury parties to said cause shall be deemed to have waived trial by jury" (Sec. 2379 R. L. 1915).

No written demand for a trial by jury was filed by the defendant at any time and no demand was filed by the plaintiff other than that contained in the prayer of the complaint above quoted. Prior to 1909 our statute provided that "Issues of fact * * * shall be tried by a jury unless a jury trial be waived by the parties with the consent of the court" (Sec. 1744 R. L. 1905), and "The parties to a civil suit may, with the consent of the court, waive the right to a trial by jury, either by written consent or by oral consent in open court entered on the minutes" (Sec. 1746 R. L. 1905). By Act 23 S. L. 1909 section 1744 was amended so as to provide that "Issues of fact * * * shall be tried by the court without a jury unless a jury trial be demanded by either party" and section 1746 was amended so as to provide that "Either party to a civil suit may demand a trial by jury either by a written docu-

ment filed in court or by oral demand made in open court within five days after the case is at issue and entered in the clerk's minutes." It is apparent that these amendments effected a reversal of the attitude of the legislature toward jury trials. Prior to the 1909 amendments jury trials were favored over trials before the court and no trial would be had without a jury unless the jury trial was waived. Under the later statute the trial without a jury is the more favored and no jury trial is to be had unless demanded by one of the parties and a failure of both parties to file a demand is declared to be a waiver. The attitude of the legislature toward jury trials has not changed since the 1909 amendments though the manner in which a jury may be demanded has been further restricted so that now a jury can be demanded only by a written document filed in court within ten days after the case is at issue.

Under the statute as it was prior to 1909 this court held that the right of trial by jury in civil cases may be waived by actions or conduct as well as expressly. *Ah Hing* v. *Ah On,* 15 Haw. 59. The present statute expressly provides that a failure to demand a jury trial shall be deemed to be a waiver of the right thereto. It is therefore clear that a jury trial may be waived by inaction as well as by the positive act of the parties. The question here is, has there been such waiver by the parties to this action? Because of the fact that the demand upon which defendant relies as having prevented a waiver of a jury trial was not filed by him but was filed by his opponent it becomes necessary for us to determine whether the defendant has a right to claim the benefit of the plaintiff's demand. In other words, conceding for the present that the demand of the plaintiff was in compliance with the statute; could he by abandoning his demand for a jury cause the case to revert to its former status as a case to be tried without a

jury as though no demand for a jury had been filed by either of the parties? We are satisfied that an interpretation of the statute in accordance with the legislative intent requires us to hold that the filing of a demand for a jury trial by either of the parties within the time prescribed by the statute fixes the status of the case as one to be tried by a jury and that it would thereafter take the same character of action by the parties to change that status as was required under the statute prior to 1909. At that time it required a waiver by both parties to change the status of the case from a jury case to a jury-waived case. So we think that where the status of the case has been fixed as a jury case by the filing of demand for a jury trial by one of the parties to the action that such status cannot be changed except by agreement of the parties or by conduct amounting to a waiver of their right to a jury trial.

Let us next consider whether or not, subsequent to the filing of the complaint in this case, there has been such conduct of the parties as amounts to a waiver of a jury trial. Certainly the plaintiff by opposing defendant's insistence for a jury has consented to a trial without a jury and has therefore waived its right in this respect. As to the defendant it seems that he appeared in court upon one occasion when the case was called for trial jury-waived after having been set for trial on that date and announced ready without claiming a right to a jury trial, and the clerk's minutes show that when defendant's motion for a jury was overruled on March 19, 1918, defendant through his attorney consented to the case being tried at that time jury-waived. This we think constituted a waiver on the part of the defendant.

This leaves only the question of whether the demand in this case was filed within the time required by the statute

and was sufficient in substance to constitute a demand for jury trial.

The plaintiff has argued that even if the language of the prayer is sufficient to constitute a demand it was not a compliance with the statute as to time of filing which provides that the written demand must be filed "within ten days after the case is at issue." It is its contention that a demand filed prior to the case being at issue is premature. We think, however, that the statute fixes only the last date upon which a demand may be filed and that a demand filed at any time prior to the expiration of the time would be a compliance with the terms of the statute. The decisions of this court as to the filing of notice of appeal which have been cited by plaintiff do not appear to us to be authority for his contention in this case, neither does the holding of the Maryland court in *Baltimore City Pass. Ry. Co. v. Nugent*, 86 Md. 349, 38 Atl. 779, to the effect that the demand must be a separate and distinct act evidenced by a writing different from the pleadings, have any bearing on the question here as will be seen by reference to the reasons assigned by that court for its holding.

We do not think, however, that the demand contained in the prayer of the complaint was sufficient in substance to constitute a demand for a jury trial. It is merely the statutory form of prayer for process as the same has existed since at least 1905 as will be seen by reference to section 1713 R. L. 1905 and section 2345 R. L. 1915, and does not constitute a demand for a jury trial. This question might well have been disposed of on this ground alone but we have preferred to rest our decision upon other grounds as well.

Under the other exception it is urged that plaintiff could not terminate the rights of defendant under said contract at the time he made the reentry and brought his

suit because it is claimed that the circumstances of this case constitute a waiver of the strict right to terminate the contract without notice; that plaintiff by reason of the facts of this case was under the necessity of giving notice to defendant of his intention to terminate said contract and to allow a reasonable time for compliance with the terms after service of the notice before declaring a forfeiture.

The circumstances under which the forfeiture was declared and reentry made are, as shown by evidence and the findings of fact by the court, that the contract in question was entered into on August 18, 1916, by the terms of which the defendant agreed to pay $2250 for the land in question in monthly instalments to be paid on the first day of each month beginning September 1, 1916. The contract provided that if any instalment of principal was not paid when due, plaintiff had the right to enter upon the land and terminate defendant's right of occupancy and should be entitled to commence proceedings for the recovery of the land. Time was declared to be of the essence of the contract. The instalment of principal due September 1, 1916, was paid October 13, 1916; the instalment due October 1, 1916, was paid November 13, 1916, and the instalment due November 1, 1916, was paid December 22, 1916. No other payments were made although monthly statements of the amounts due were sent to defendant and on May 29, 1917, the plaintiff sent a statement to the defendant showing that the instalments falling due from December 1, 1916, to May 1, 1917, both inclusive, were at that time unpaid. On May 30 or 31 the defendant and plaintiff's manager had an interview at which the defendant's failure to pay these unpaid instalments was discussed. As to what took place at this time and on June 1, 1917, the evidence is conflicting, but the court in its decision has found that the evidence of Mr. Mariner,

plaintiff's manager, as to what took place is true and that the evidence of defendant in that regard is untrue. All of the facts relied upon by the trial judge in his decision are supported by evidence the credibility of which he is the one to judge and his findings of fact will not be questioned by this court. The testimony found to be true is to the effect that the statement of account dated May 29, 1917, which contained an item of $300 for six monthly instalments (December 1916 to May 1917, both inclusive) was called to the attention of Mr. Bartels, agent of defendant, who called it to the attention of the defendant on May 30 or 31, 1917, and on the same day the defendant and Mr. Bartels called upon Mr. Mariner in regard to the account and a heated discussion ensued, brought about by the inclusion in the statement of an item amounting to about $230, which had nothing to do with the contract involved in this case. The defendant disputed the validity of this item but expressed a willingness to pay the $300 item, as Mr. Mariner put it, some time in the future. Mr. Mariner denied that he refused to accept the $300 unless the other item was also paid and denied that defendant offered to pay the $300 then and there. Mr. Mariner also testified, and the court found, that at no time was there an agreement on the part of the plaintiff to a modification of the terms of the contract or an extension of the time of payments.

It is argued that the forfeiture clause of the contract has been waived by the conduct of the plaintiff. It is true that the forfeiture clause of a contract may be waived where the party entitled to the forfeiture either by his statements or a course of conduct leads the other party to believe that he will not insist on a forfeiture. It is a general rule that mere indulgence or silence cannot be construed as a waiver unless some element of estoppel can be invoked. *Long* v. *Clark*, 135 Pac. (Kan.) 673;

*Bartelsville Oil & Imp. Co.* v. *Hill,* 121 Pac. (Okl.) 208; *Wood* v. *Planters' Oil Mill,* 76 Ark. 570, 90 S. W. 18.

It seems to be well settled that in the absence of other circumstances the fact that the vendor has indulged the vendee by accepting payments after they were due furnishes no excuse for his not meeting the subsequent payments promptly, nor will it operate to prevent the vendor from declaring a forfeiture for failure to make such subsequent payments when due. 2 Warvelle on Vendors, 2 ed., Sec. 820; 39 Cyc. p. 1395.

To constitute a waiver otherwise than by express agreement there must be unequivocal acts or conduct of the vendor evincing the intent to waive. Nothing short of this will amount to a waiver. Conduct of the vendor which does not clearly show that he regards the contract as in full force and effect does not establish a waiver of a prior breach. 39 Cyc. p. 1392 (c). There was no waiver in this case by express agreement. The trial court has found upon conflicting evidence that there was no such agreement. But the defendant insists that the sending of a statement of the amount due under the contract on May 29, in connection with the other facts, constituted a waiver of all breaches prior to that date; that he thereby treated the contract as still valid and subsisting and will not be heard to say otherwise now. In *Gray* v. *Pelton,* 135 Pac. (Ore.) 755, it is held that a waiver may be made by express agreement to that effect or "by unequivocal acts or demeanor affording reasonable and proper inducement for the purchaser in reliance thereon to alter his course as to strict and punctual compliance, either in advance or after the prescribed time."

Can it be said that there was more than mere indulgence or nonaction on the part of the vendor in this case or that there was conduct or action having in it the elements of estoppel or from which the defendant could rea-

sonably infer that the right to declare a forfeiture had been waived? Defendant's argument is based largely on a state of facts testified to by himself to the effect that the plaintiff through its manager, Mr. Mariner, agreed to an extension of the time of payment, but as we have already pointed out the court found upon conflicting evidence that no such agreement was made. This leaves us with nothing but the acceptance of three instalments, which were when paid six or seven weeks overdue, and a failure to declare a forfeiture until six monthly instalments were due and not then until a futile attempt was made to collect the overdue instalments twenty-nine days after the last of said six instalments became due. We have already seen that mere indulgence or nonaction is not sufficient to constitute a waiver of the right to declare a forfeiture because of failure to make other payments when they become due but the defendant insists that the action of plaintiff in demanding payment of the six past-due instalments on May 29 was a waiver of its right to declare a forfeiture for a failure to pay any or all of said instalments. It seems to us that if by reason of defendant's failure to pay the instalment due May 1 the plaintiff had the right to declare a forfeiture at any time after the default and prior to the time of making demand for payment on May 29 it would be a strange doctrine that would deprive it of that right afterwards because of its having given the defendant a chance to pay the overdue instalments and thereby remove the cause of forfeiture. Such a doctrine would place a penalty on open and fair dealing and cannot be sanctioned by this court.

It is our conclusion that there was no waiver of the right to declare a forfeiture; that the acceptance of the three past-due instalments did no more than extinguish the right to declare a forfeiture for failure to pay such instalments as were then in default; that the failure to

promptly declare a forfeiture for the subsequent defaults amounted to no more than an indulgence of the defendant and did not have the effect of waiving plaintiff's right to declare a forfeiture for each succeeding default, and finally that the sending of the statement of amount due on May 29 and the demand for payment on the following day amounted to no more than an admission that a forfeiture had not at that time been declared and did not have the effect of waiving plaintiff's right to declare a forfeiture for nonpayment of the instalment due on May 1.

The exceptions are overruled.

*S. S. Rolph* (*Carlsmith & Rolph* on the brief) for plaintiff.

*W. B. Lymer* (*J. W. Russell* with him on the brief) for defendant.