OAHU RAILWAY & LAND COMPANY, A CORPO-
RATION, *v.* KOLOHANA KAILI.

No. 1236.

RESERVED QUESTION FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

SUBMITTED MARCH 23, 1920.                    DECIDED MARCH 24, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

JURY—*right of trial by.*

> One of the parties to a cause having waived his right to a trial
> by jury and this waiver having been acquiesced in by the other
> party the status of the cause became fixed as one to be tried with-
> out a jury and this status would remain during the life of the
> litigation and could only be changed by consent of both parties.

NEW TRIAL—*effect of order granting.*

> The granting of a new trial does not confer any new right but
> merely relegates the parties to their former status.

OPINION OF THE COURT BY COKE, C. J.

This cause comes up from the circuit court of the first
judicial circuit on a reserved question.  An action of
ejectment was instituted by the plaintiff against the de-
fendant and after issue was joined and within the time
prescribed by law the defendant demanded in writing a
trial by jury.  Subsequently, and before the trial of the
cause, the defendant interposed a written waiver of his
right to a jury trial and the cause was tried by the cir-
cuit court without a jury.  The decision was in favor of
the defendant. Plaintiff thereupon carried the case to the
supreme court on a bill of exceptions which was sus-
tained and the cause was remanded to the circuit court
for a new trial.  When the cause came on for retrial
before the circuit court the defendant interposed a motion

demanding a trial by jury, which motion was opposed by plaintiff. The question reserved for our consideration is whether under the facts as above outlined the defendant is now entitled to a trial by jury. Section 2379 R. L. 1915 reads: "Demand for jury. Either party to a civil suit may demand a trial by jury by a written document filed in court within ten days after the case is at issue; provided, however, that if no such demand as aforesaid shall be made for a trial by jury parties to said cause shall be deemed to have waived trial by jury."

This statute was before us for consideration and application in the case of *Trust Co.* v. *Cabrinha,* 24 Haw. 777, and much that is said in that opinion applies with force here. The following excerpts we think are particularly applicable: "We are satisfied that an interpretation of the statute in accordance with the legislative intent requires us to hold that the filing of a demand for a jury trial by either of the parties within the time prescribed by the statute fixes the status of the case as one to be tried by a jury. * * * It would thereafter take the same character of action by the parties to change that status as was required under the statute prior to 1909. At that time it required a waiver by both parties to change the status of the case from a jury case to a jury-waived case. So we think that where the status of the case has been fixed as a jury case by the filing of demand for a jury trial by one of the parties to the action that such status cannot be changed except by agreement of the parties or by conduct amounting to a waiver of their right to a jury trial." The defendant having waived his right to a trial by jury and the plaintiff having acquiesced therein and assented thereto the status of the case then became fixed as one to be tried without a jury and this status would remain during the entire life of the litigation unless changed by consent of both parties.

The defendant's position is that the waiver by him of his right to a trial by jury only related to the first trial and that upon the cause being reversed and remanded to the circuit court for a new trial his former waiver ceased to be effective and he was then entitled upon demand to a trial by jury. We can see no force in this contention. The waiver of the right to a trial by jury filed by the defendant was not temporary nor effective only during certain stages of the proceeding. It was permanent in character and is binding upon the defendant as long as the cause is at issue. The sustaining of the exceptions by the supreme court had the effect of granting a trial *de novo* before the circuit court but no new rights were thereby conferred upon the parties. They were merely relegated to their former status. See *Kearns* v. *Simpson*, 83 N. J. L. 221. The supreme courts of Alabama and Massachusetts, as well as the supreme court of New Jersey, in all of which States statutes similar to our own exist, have by recent opinions determined the question here presented conformably to the views above expressed. See *Brock* v. *Louisville & N. R. Co.*, 122 Ala. 172; *Thompson* v. *King*, 173 Mass. 439. See also *Tracy* v. *Falvey*, 92 N. Y. S. 625.

Our answer to the reserved question is that for the foregoing reasons the defendant is not now entitled to a trial by jury of the above cause.

*Frear, Prosser, Anderson & Marx* for plaintiff.

*E. K. Aiu* and *Achi & Achi* for defendant.